UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                          :
UNITED STATES OF AMERICA                   :
                                          :
         - v. -                            :
                                          :
                                          :       S2 07 Cr. 756 (RJS)
DEONDRAY KING,                             :
         a/k/a "Deandre King,"             :
         a/k/a "Andre King,"               :
         a/k/a "Champion,"                 :
         a/k/a "Champ,"                     :
and ELVIS TEJADA,                          :
                                          :
                                          :
                                          :
         Defendants.                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

## GOVERNMENT'S REQUESTS TO CHARGE

*MICHAEL J. GARCIA*
*United States Attorney for the*
*Southern District of New York*

*Attorney for the United States*
*of America*

*Rua M. Kelly*
*Jenna M. Dabbs*
*Assistant United States Attorneys*

         *- Of Counsel -*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
UNITED STATES OF AMERICA                       :
                                              :
            - v. -                            :
                                              :
                                              :        S2 07 Cr. 756 (RJS)
DEONDRAY KING,                                 :
        a/k/a "Deandre King,"                  :
        a/k/a "Andre King,"                    :
        a/k/a "Champion,"                      :
        a/k/a "Champ,"                         :
and ELVIS TEJADA,                              :
                                              :
                                              :
                                              :
            Defendants.                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## GOVERNMENT'S REQUESTS TO CHARGE

      Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the Jury.

i

## TABLE OF CONTENTS

PAGE

REQUEST NO. 1    General Requests . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

REQUEST NO. 2    The Indictment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

REQUEST NO. 3    Count One:  Narcotics Conspiracy — General Instructions . . . . . . . . . 3

REQUEST NO. 4    Count One:  Narcotics Conspiracy — Elements of Conspiracy . . . . . . 5

REQUEST NO. 5    Count One:  Narcotics Conspiracy — First Element,
Existence of the Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

REQUEST NO. 6    Count One:  Narcotics Conspiracy — First Element,
Definition of Distribution or Possession . . . . . . . . . . . . . . . . . . . . . . . 11

REQUEST NO. 7    Count One:  Narcotics Conspiracy — Second Element,
Membership in the Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

REQUEST NO. 8    Count One:  Narcotics Conspiracy — Overt Acts . . . . . . . . . . . . . . . . 19

REQUEST NO. 9    Count One:  Narcotics Conspiracy — Time of Conspiracy . . . . . . . . . 20

REQUEST NO. 10    Aiding and Abetting . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

REQUEST NO. 11    Special Verdict Form - Drug Quantity . . . . . . . . . . . . . . . . . . . . . . . . . 22

REQUEST NO. 12    Venue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

REQUEST NO. 13    Other Act Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

REQUEST NO. 14    Defendant's Testimony (if applicable) . . . . . . . . . . . . . . . . . . . . . . . . . 27

REQUEST NO. 15    Defendant's Right Not to Testify (if requested by defendant) . . . . . . . 28

REQUEST NO. 16    Law Enforcement Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

REQUEST NO. 17    Expert Testimony (if applicable) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

REQUEST NO. 18    Character Testimony (if applicable) . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

REQUEST NO. 19    Use of Evidence Obtained Pursuant to Arrest or Search . . . . . . . . . . . 32

ii

REQUEST NO. 20    Use of Audiotape Recordings and Transcripts  . . . . . . . . . . . . . . . . . . . 33

REQUEST NO. 21    Particular Investigative Techniques Not Required  . . . . . . . . . . . . . . . 35

REQUEST NO. 22    Persons Not On Trial or Not Indicted  . . . . . . . . . . . . . . . . . . . . . . . . . 36

REQUEST NO. 23    Uncalled Witness – Equally Available or Unavailable to
Both Sides (if applicable)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

REQUEST NO. 24    Preparation of Witnesses (if applicable)  . . . . . . . . . . . . . . . . . . . . . . . 38

REQUEST NO. 25    Court Interpreter  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

REQUEST NO. 26    Summary Charts (if applicable) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

REQUEST NO. 27    Stipulations (if applicable) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

REQUEST NO. 28    Cooperator Testimony - Guilty Plea (if applicable). . . . . . . . . . . . . . .  42

REQUEST NO. 29    Accomplice Testimony (if applicable). . . . . . . . . . . . . . . . . . . . . . . . . .  43

REQUEST NO. 30    Conclusion  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

## **REQUEST NO. 1**

### **General Requests**

The Government respectfully requests that the Court provide its usual instructions with respect to the following matters:

a.    Function of Court and Jury

b.    All Parties as Equals Before the Court

c.    What Is and Is Not Evidence

d.    Rulings on Evidence and Objections

e.    Burden of Proof and Presumption of Innocence

f.    Reasonable Doubt

g.    Government Treated Like Any Other Party

h.    Definitions and Examples of Direct and Circumstantial Evidence

i.    Inferences

j.    Credibility of Witnesses

k.    Interest in Outcome

l.    Right to See Exhibits and Have Testimony Read During Deliberations

m.    Sympathy:  Oath as Jurors

n.    Punishment Is Not to Be Considered by the Jury

o.    Consider Each Count Separately

p.    Verdict of Guilt or Innocence Must be Unanimous

## **REQUEST NO. 2**

### **The Indictment**

The defendants, DEONDRAY KING, a/k/a "Deandre King," a/k/a "Andre King," a/k/a "Champion," a/k/a "Champ," and ELVIS TEJADA, are formally charged in an Indictment. As I instructed you at the beginning of the trial, the Indictment is simply a charge or accusation. It is not evidence. In this case, the defendants are charged in a one-count Indictment. I will first summarize the count that is charged in the Indictment, and then I will explain in detail the elements of the charged offense.

The Indictment charges the defendants with conspiring with others to distribute, and possess with intent to distribute, 5 kilograms or more of mixtures and substances containing a detectable amount of cocaine. This conspiracy is alleged to have taken place from in or about December 2005 through in or about mid-2007.

<u>**REQUEST NO. 3**</u>

<u>**Count One:  Narcotics Conspiracy**</u>
<u>**General Instructions (21 U.S.C. § 846)**</u>

Count One of the Indictment charges DEONDRAY KING, a/k/a "Deandre King,"

a/k/a "Andre King," a/k/a "Champion," a/k/a "Champ," and ELVIS TEJADA with participating in a

conspiracy to violate the narcotics laws of the United States.  Specifically, the Indictment charges,

and I am reading now from the Indictment, that:

> *[The Court is respectfully requested to read Count One of the*
> *Indictment, up to the overt acts]*

The Indictment also lists certain overt acts that are alleged to have been committed in

furtherance of the conspiracy, as well as the particular statute alleged to have been violated.

As I said before, the defendants are charged with having been a member of a

conspiracy to violate the federal drug laws.  A conspiracy is a kind of criminal partnership -- an

agreement of two or more persons to join together to accomplish some unlawful purpose.  The crime

of conspiracy -- or agreement -- to violate a federal law, as charged in this Indictment, is an

independent offense.  It is separate and distinct from the actual violation of any specific federal laws,

which the law refers to as "substantive crimes."

Indeed, you may find a defendant guilty of the crime of conspiracy to violate the

federal narcotics laws even if you find that the substantive crimes that were the objects of the

conspiracy – here, distribution and possession with intent to distribute cocaine and crack cocaine –

were never actually committed.  Congress has deemed it appropriate to make conspiracy, standing

alone, a separate crime, even if the conspiracy is not successful.

Adapted from the charges of the Honorable John G. Koeltl in <u>United</u>
<u>States</u> v. <u>Alvarado-Matriller</u>, 94 Cr. 723 (JGK) (S.D.N.Y. 1995), and

3

the Honorable Harold Baer in <u>United States</u> v. <u>Martinez</u>, 97 Cr. 313
(HB) (S.D.N.Y. 1997).

<u>See</u> <u>United States</u> v. <u>Labat</u>, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the
essence of conspiracy is the agreement and not the commission of the
substantive offense that is its objective, the offense of conspiracy may
be established even if the collaborators do not reach their goal.").

4

## REQUEST NO. 4

### Count One:  Narcotics Conspiracy — Elements of Conspiracy

In order to sustain its burden of proof with respect to the charge of conspiracy contained in the Indictment, the Government must prove beyond a reasonable doubt the following two elements:

First, the existence of the conspiracy charged in the Indictment; in other words, that there was, in fact, an agreement or understanding to violate those provisions of the law that make it illegal to distribute narcotics, or to possess narcotics with the intent to distribute them.

Therefore, the first question for you is: Did the conspiracy alleged in the Indictment exist?  Was there such a conspiracy?

Second, the Government must prove beyond a reasonable doubt that the defendants knowingly joined the conspiracy charged; that is, that each defendant knowingly associated himself with the conspiracy, and participated in the conspiracy to distribute or possess with the intent to distribute narcotics.

Now let us separately consider the two elements.  First, the existence of a conspiracy; and second, whether the defendant you are considering knowingly associated himself with and participated in the conspiracy.

> Adapted from the charge of the Hon. Leonard B. Sand in United States
> v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992).
>
> The Government notes that under Section 846, it is not necessary for
> the Government to allege or prove even one overt act. See United
> States v. Shabani, 513 U.S. 10, 15 (1994) (Government need not prove
> commission of any overt acts in furtherance of conspiracy in violation
> of section 846); United States v. Story, 891 F.2d 988, 992 (2d Cir.
> 1989) ("The only elements of a section 846 narcotics conspiracy
> offense are the existence of a conspiracy and defendant's willful

joining it."); United States v. Knuckles, 581 F.2d 305, 311 (2d Cir.),
cert. denied, 439 U.S. 986 (1978); United States v. Bermudez, 526
F.2d 89, 94 (2d Cir. 1975), cert. denied, 425 U.S. 970 (1976).

## REQUEST NO. 5

### Count One: Narcotics Conspiracy --
### First Element -- Existence of the Conspiracy

Starting with the first element, what is a conspiracy?   As I mentioned just a few minutes ago, a conspiracy is an agreement or an understanding, between two or more persons, to accomplish, by joint action, a criminal or unlawful purpose.  In this instance, the unlawful purpose alleged to be the object of the conspiracy was the distribution of, and possession with the intent to distribute, cocaine.

The gist, or the essence, of the crime of conspiracy is the unlawful agreement between two or more people to violate the law.  As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required.

The conspiracy alleged here, therefore, is an agreement to distribute cocaine, or an agreement to possess cocaine with the intent to distribute it.  It is an entirely distinct and separate offense from the actual distribution of those narcotics, or the actual possession of those narcotics with the intent to distribute them.

Now, to show a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details.  Common sense tells you that when people agree to enter into a criminal conspiracy, much is left to the unexpressed understanding. It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.

7

In order to show that a conspiracy existed, the evidence must show that two or more persons, in some way or manner, either explicitly or implicitly, came to an understanding to violate the law and to accomplish an unlawful plan.

In determining whether there has been an unlawful agreement as alleged in the Indictment, you may consider the actions of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose. The old adage, "actions speak louder than words," applies here. Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators. When taken all together and considered as a whole, however, that conduct may warrant the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.

So, you must first determine whether or not the proof established beyond a reasonable doubt the existence of the conspiracy charged in the Indictment. In considering this first element, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator, and any inferences that may reasonably be drawn from that conduct and those statements. It is sufficient to establish the existence of the conspiracy, as I have already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way, to accomplish the objectives of the conspiracy charged in the Indictment.

Objects of Conspiracy

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve. Count One of the Indictment here charges that the conspiracy had a single object: the distribution of cocaine and the possession of cocaine with the intent to distribute it. If you find that

the conspirators agreed to accomplish the objective charged by the Indictment, the illegal purpose element will be satisfied.  I will define the terms "distribution" and "possession" for you later in this charge.

I instruct you that the purity and actual quantity of the narcotics involved is not pertinent to your determination as to whether the charge of conspiracy existed, so you need not be concerned with that in making your determination as to whether the conspiracy existed.  You need only find that the co-conspirators agreed to participate in the distribution or possession with intent to distribute <u>some</u> quantity of cocaine.  As I will explain later, however, if you do find that the Government has proved the elements of the crime beyond a reasonable doubt, you will be asked to make a finding about the quantity of cocaine that the conspirators agreed to distribute or possess with intent to distribute.

Adapted from the charge of the Hon. Victor Marrero in <u>United States</u> v. <u>Zapata</u>, 02 Cr. 1545 (VM) (S.D.N.Y. 2005), the Hon. Leonard B. Sand in <u>United States</u> v. <u>Rios</u>, 91 Cr. 914 (LBS) (S.D.N.Y. 1992), and the charge of the Hon. Kevin T. Duffy in <u>United States</u> v. <u>Oqarro</u>, 92 Cr. 114 (KTD) (S.D.N.Y. 1992), and the charge of the Hon. Kevin T. Duffy in <u>United States</u> v. <u>Burnett</u>, 92 Cr. 731 (KTD) (S.D.N.Y. 1993). <u>See also</u> Sand, <u>et al</u>., <u>Modern Federal Jury Instructions</u>, Instr. 19-4.

<u>See United States</u> v. <u>Rea</u>, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice. The conspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes.") (citations omitted); <u>United States</u> v. <u>Montour</u>, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the government need not present evidence of a formal arrangement between the coconspirators. Rather, it is sufficient if the government can demonstrate that the defendant acted together with others to realize a common goal") (citations omitted). <u>See also United States</u> v.

<u>Rubin</u>, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally discussing proof of agreement).

## <u>REQUEST NO. 6</u>

### <u>Count One: Narcotics Conspiracy --</u>
### <u>First Element -- Distribution or Possession</u>

The Indictment charges that the object of the conspiracy was to "distribute and possess with intent to distribute" cocaine. I will now define for you the terms "distribution" and "possession with intent to distribute."

What do these terms mean?

<u>"Distribution"</u>

The word "distribution" means the actual, constructive or attempted transfer of a controlled substance. "Distribution" includes delivering, passing or handing over something to another person, or causing something to be delivered, passed on, or handed over to another person. Distribution does not require a sale.

<u>"Possession With Intent to Distribute"</u>

What does "possession with intent to distribute" mean?

<u>"Possession"</u>

We begin with the concept of "possession." The legal concept of possession may differ from the everyday usage of the term, so let me explain it in some detail. Actual possession is what most of us think of as possession; that is, having physical custody or control of an object, as I possess this pen. If you find that a defendant had the controlled substance on his person, therefore, you may find that he had possession of it. However, a person need not have actual, physical possession -- that is, physical custody of an object -- in order to be in legal possession of it. If an individual has the ability to exercise substantial control over an object, even if he does not have

the object in his physical custody at a given moment, and that person has the intent to exercise such control, then he is in legal possession of that article. This is called "constructive possession."

Control over an object may be demonstrated by the existence of a working relationship between one person having the power or ability to control the item, and another person who has actual physical custody. The person having control "possesses" the controlled substance because he has an effective working relationship with the people who have actual physical custody of the controlled substance and because he can direct the movement or transfer or disposition of the controlled substance. In addition, an individual may have possession of an item that is not found on his person, because that individual has a relationship to the location where the item is maintained. In this manner, for example, a business person may legally possess things that are scattered throughout a number of stores or offices or installations around the country.

More than one person can have control over the same narcotics. The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If more than one person has possession of it, as I have defined possession for you, then possession is joint.

Now, let me give you some examples of possession. I have a pen in my hand. There should be no doubt in your mind that I physically possess the pen.

Another example: Let's say I brought in some candy today and left it on my law clerk's desk. She knows that she can't eat all of that candy; she'd better leave some for me. I do not physically possess the candy but I do have control over it. My law clerk also has control over it. I can be said to "possess" the candy jointly with my law clerk.

12

One more example:  Say my father left me a watch when he died, and it is now sitting in a safety deposit box.  Say also that my brother and I are the only people who can get into that box.  Do we have possession of the watch?  Absolutely we have possession of it, even though it's in a safety deposit box.

If an individual has the ability to exercise substantial control over an object that he does not have in his physical custody, and the intent to exercise such control, then he is in possession of that article.  Proof of ownership is not required to establish possession.

Possession cannot be found solely on the ground that the defendant was near the drugs.  However, you may consider this factor in connection with all the other evidence in making your decision as to whether the defendant possessed the drugs.

<u>"Intent to Distribute"</u>

"Possession with intent to distribute" simply means the possession of a controlled substance with the intention or purpose to "distribute" it to another person or persons.  As I explained, to "distribute" means simply to transfer to another.

Often it is possible to determine whether someone had an "intent to distribute" from the quantity of drugs that were possessed, although the possession of a large quantity of narcotics does not necessarily mean that an individual intended to distribute them.  On the other hand, an individual may have intended to distribute a controlled substance even if he did not possess a large amount of it.

Remember, as I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of either of the crimes that are the objects of the conspiracy, is not required.  The

13

offense alleged here is simply the conspiracy, or agreement, to  distribute cocaine cocaine or the

conspiracy, or agreement, to possess cocaine with the intent to distribute it.

> Adapted from the charge of the Hon. Leonard B. Sand in <u>United States</u> v. <u>Rios</u>, 91 Cr. 914 (LBS) (S.D.N.Y. 1992) and from the charge of the Hon. John M. Walker in <u>United States</u> v. <u>Torres</u>, 87 Cr. 593 (JMW) (S.D.N.Y. 1988), <u>aff'd</u>, 901 F.2d 205, 221, 243-44 (2d Cir.) (specifically approving charge on possession), <u>cert</u>. <u>denied</u>, 111 S.Ct. 273 (1990). <u>See also</u> Sand et al., <u>Modern Federal Jury Instructions</u>, Instr. 569, 56-12, and 56-13.

14

## REQUEST NO. 7

### Count One: Narcotics Conspiracy --
### Second Element -- Membership in the Conspiracy

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in the Indictment existed, and that the conspiracy had as its object the illegal purposes charged in the Indictment, then you must next determine the second question:  Whether the defendant you are considering participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objectives.

The Government must prove beyond a reasonable doubt that each defendant knowingly and intentionally entered into the conspiracy with a criminal intent -- that is, with a purpose to violate the law -- and that each defendant agreed to take part in the conspiracy to promote and cooperate in its unlawful objectives.

"Unlawfully," "Intentionally" and "Knowingly" Defined

The terms "unlawfully" and "intentionally" and "knowingly" are intended to ensure that if you find that a defendant did join the conspiracy, you also conclude beyond a reasonable doubt that, in doing so, he knew what he was doing; in other words, that he took the actions in question deliberately and voluntarily.

An act is done "knowingly" and "intentionally" if it is done deliberately and purposely; that is, the defendant's acts must have been the product of that defendant's conscious objective, rather than the product of a mistake or accident, or mere negligence, or some other innocent reason.

15

"Unlawfully" simply means contrary to law. The defendant you are considering need not have known that he was breaking any particular law, but he must have been aware of the generally unlawful nature of his acts.

Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However, you do have before you the evidence of certain acts and conversations alleged to have taken place with certain of the defendants or in their presence. The Government contends that these acts and conversations show, beyond a reasonable doubt, each defendant's knowledge of the unlawful purposes of the conspiracy.

The defendants, DEONDRAY KING, a/k/a "Deandre King," a/k/a "Andre King," a/k/a "Champion," a/k/a "Champ," and ELVIS TEJADA deny that they were members of a conspiracy. It is for you to determine whether the Government has established to your satisfaction, beyond a reasonable doubt, that such knowledge and intent on the part of each defendant existed.

It is not necessary for the Government to show that DEONDRAY KING, a/k/a "Deandre King," a/k/a "Andre King," a/k/a "Champion," a/k/a "Champ," and ELVIS TEJADA were fully informed as to all the details of the conspiracy in order for you to infer knowledge on the part of each defendant. To have guilty knowledge, the defendant you are considering need not know the full extent of the conspiracy, or all of the activities of all its participants. It is not even necessary for the defendant to know every other member of the conspiracy. In fact, the defendant you are considering may know only one other member of the conspiracy and still be a coconspirator. Nor is it necessary for the defendant to receive any monetary benefit from his participation in the conspiracy, or have a financial stake in the outcome. It is enough if he participated in the conspiracy unlawfully, intentionally and knowingly, as I have defined those terms. The duration and extent of

the defendants' participation has no bearing on the issue of the defendants' guilt. The defendants need not have joined the conspiracy at the outset. Each of the defendants may have joined it at any time in its progress, and each defendant will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member. Each member of a conspiracy may perform separate and distinct acts. Some conspirators play major roles, while others play minor roles in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the scope of the conspiracy.

However, I want to caution you that a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place. Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. In other words, knowledge without agreement and participation is not sufficient. What is necessary is that the defendant you are considering participated in the conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, each of the defendants, with an understanding of the unlawful nature of the conspiracy, must have intentionally engaged, advised or assisted in the conspiracy for the purpose of furthering an illegal undertaking. Each defendant thereby becomes a knowing and willing participant in the unlawful agreement -- that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members. So, too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture

17

until its termination, unless it is shown by some affirmative proof that he withdrew and disassociated

himself from it.

> Adapted from the charge of the Hon. Leonard B. Sand in <u>United States</u>
> v. <u>Rios</u>, 91 Cr. 914 (LBS) (S.D.N.Y. 1992), and from Sand, et al.,
> <u>Modern Federal Jury Instructions</u>, Instr. 19-6 and 56-18, and from
> <u>United States</u> v. <u>Townsend</u>, 987 F.2d 927 (2d Cir. 1993) (defining
> "intentionally").

> <u>See</u> <u>United</u> <u>States</u> v. <u>Rea</u>, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The
> defendant's knowledge of the conspiracy and participation in it with
> the requisite criminal intent may be established through circumstantial
> evidence. A defendant need not have joined a conspiracy at its
> inception in order to incur liability for the unlawful acts of the
> conspiracy committed both before and after he or she became a
> member."). <u>See</u> <u>also</u> <u>United</u> <u>States</u> v. <u>Miranda-Ortiz</u>, 926 F.2d 172,
> 175-76 (2d Cir.) (generally discussing proof required to show
> membership in conspiracy), <u>cert</u>. <u>denied</u>, 112 S. Ct. 347 (1991); <u>United</u>
> <u>States</u> v. <u>Maldonado-Rivera</u>, 922 F.2d 934, 960 (2d Cir. 1990) (same),
> <u>cert</u>. <u>denied</u>, 111 S. Ct. 2858 (1991).

## REQUEST NO. 8

### Count One:
### Narcotics Conspiracy -- Overt Acts

The Indictment contains a section entitled "Overt Acts."  These "Overt Acts" provide examples of conduct undertaken by alleged members of the conspiracy to further or promote the illegal objectives of the conspiracy.  The "Overt Acts" portion of Count One of the Indictment alleges:

> *[The Court is respectfully requested to read the "OVERT ACTS"*
> *section of the Indictment.]*

It is not necessary for the Government to prove that all the overt acts alleged in the Indictment took place.  In fact, it is not necessary for the Government to prove that even <u>one</u> of the specified overt acts alleged was committed, so long as the Government proves, as I have explained, the existence of the conspiracy charged in the Indictment and that each defendant was a knowing and intentional member of the conspiracy.

As noted previously, under Section 846, it is not necessary for the Government to allege or prove even one overt act. <u>See United States</u> v. <u>Shabani</u>, 115 S. Ct. 382, 385 (1994) (Government need not prove commission of any overt acts in furtherance of conspiracy in violation of section 846); <u>United States</u> v. <u>Story</u>, 891 F.2d 988, 992 (2d Cir. 1989) ("The only elements of a section 846 narcotics conspiracy offense are the existence of a conspiracy and defendant's willful joining it."); <u>United States</u> v. <u>Knuckles</u>, 581 F.2d 305, 311 (2d Cir.), <u>cert</u>. <u>denied</u>, 439 U.S. 986 (1978); <u>United States</u> v. <u>Bermudez</u>, 526 F.2d 89, 94 (2d Cir. 1975), <u>cert</u>. <u>denied</u>, 425 U.S. 970 (1976).

## REQUEST NO. 9

**Count One:**
**Narcotics Conspiracy -- Time of Conspiracy**

The Indictment charges that the charged conspiracy existed from in or about December 2005 through mid-2007.  It is not essential that the Government prove that the conspiracy alleged started and ended on any specific dates.  Indeed, it is sufficient if you find that the conspiracy was formed and that it existed for some time within or around the dates set forth in the Indictment.

Adapted from the charge of the Hon. John F. Keenan in United States v. Carrero, 91 Cr. 365 (JFK) (S.D.N.Y. 1991); Sand, et al., Modern Federal Jury Instructions, Instr. 3-12.

**REQUEST NO. 10**

**<u>LEAVE BLANK</u>**

## REQUEST NO. 11

### Special Verdict Form – Drug Quantity

If you conclude that the Government has met its burden of establishing each defendant's guilt beyond a reasonable doubt on any or all counts, you will then be required to determine whether that offense involved a certain amount of cocaine. You will be provided with a verdict form that will include spaces for you to indicate your determinations with respect to drug quantity and drug type for the crimes charged.

You do not need to determine the precise quantity of the drugs involved in the conspiracy. Rather, all you need to determine is which of three possible ranges apply. Specifically, you must indicate on the verdict form whether the Government has established that the weight of the cocaine that the defendant you are considering agreed to distribute or possess with intent to distribute was: (1) 5 kilograms or more of cocaine; (2) at least 500 grams, but less than 5 kilograms, of cocaine; or (3) less than 500 grams of cocaine. Your determination regarding drug quantity, like your determination regarding the defendant's guilt, must be unanimous and must be reached beyond a reasonable doubt.

In this regard, a defendant is responsible for all quantities of narcotics that he personally distributed or possessed with intent to distribute. In addition, a defendant is also responsible for any quantity of narcotics distributed by co-conspirators, as long as the quantities were known or reasonably foreseeable to the defendant, and were within the scope of the criminal activity that the defendant jointly undertook.

In Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that

22

increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 2362-63.  Here, the defendant is charged with conspiracy and the substantive count of distributing and possessing with intent to distribute more than 50 grams of crack cocaine.  The conspiracy offense carries a maximum penalty of life imprisonment by virtue of the quantity of drugs involved.  The substantive offense carries a maximum penalty of 40 years of imprisonment by virtue of the quantity of drugs involved.  These are in contrast to the maximum 20-year sentence that may be imposed for a narcotics offense without any proof of drug quantity.  See 21 U.S.C. §§ 846, 841 (b)(1)(A); 841 (b)(1)(B); 841 (b)(1)(C).  Accordingly, the Government respectfully requests a jury determination, in the form of special interrogatories, to be included on the verdict form.

Adapted from the charges of the Honorable Michael B. Mukasey in United States v. Martinez, 00 Cr. 304 (MBM) (S.D.N.Y. 2000), and United States v. Moyhernandez, 97 Cr. 197 (S.D.N.Y. 2000) (MBM).

## REQUEST NO. 12

### Venue

In addition to the elements I have described for you for the single Count of the Indictment, you must also decide whether any act in furtherance of the crime occurred within the Southern District of New York. I instruct you that the Southern District of New York includes all of Manhattan, New York, and the Bronx, New York.

I should note that on this issue – and this issue alone – the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crimes charged occurred in the Southern District of New York.

If you find that the Government has failed to prove this venue requirement by a preponderance of the evidence, then you must acquit the defendants of the charges that you are considering.

> Adapted from the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991) (wire fraud), and from Sand et al., Modern Federal Jury Instructions, Instr. 3-11.

> See 18 U.S.C. § 3237 (general venue provision for offenses beginning in one district and ending in another). See also United States v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir. 1991) (affirming that venue is governed by a preponderance standard).

**REQUEST NO. 13**

**Other Act Evidence**

The Government has offered evidence tending to show that on different occasions, defendant Deondray King engaged in other conduct that may be similar in certain respects to that charged in the Indictment. Specifically, the Government has introduced evidence relating to defendant [SUMMARIZE NATURE OF 404B EVIDENCE ADMITTED AGAINST KING.]

In that connection, let me remind you that defendant Deondray King is not on trial here for committing acts not alleged in the Indictment. Accordingly, you may not consider this evidence of these other acts as a substitute for proof that defendant Deondray King committed the crime charged in the Indictment. Nor may you consider this evidence as proof that defendant Deondray King has a criminal personality or bad character. The evidence of the other acts was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that defendant Deondray King committed the crimes charged in the Indictment and the other acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, defendant Deondray King acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because defendant Deondray King committed the other acts he must also have committed the acts charged in the Indictment.

> Adapted from the charge of the Honorable John F. Keenan in United
> States v. Carrero, 91 Cr. 365 (JFK) (S.D.N.Y. 1991), the charge of the
> Honorable Harold Baer, Jr. in United States v. Bagley, 98 Cr. 257
> (S.D.N.Y. 1998), and from Sand et al., Modern Federal Jury
> Instructions, Instr. 5-25.

25

"[U]pon request, the district court must give an appropriate limiting instruction to the jury" when admitting similar act evidence pursuant to Rule 404(b). <u>United States</u> v. <u>Pitre</u>, 960 F.2d 1112, 1119 (2d Cir. 1992).

## REQUEST NO. 14

### The Defendant's Testimony
### [If Applicable]

The defendant, [NAME], has taken the witness stand.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Adapted from United States v. Gaines, 457 F.3d 238, 245 (2d Cir. 2006).

## REQUEST NO. 15

### The Defendant's Right Not to Testify
### [If Requested By The Defendant]

The defendants did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against them may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand et al., Modern Federal Jury Instructions, Instr. 5-21.

**REQUEST NO. 16**

**<u>Law Enforcement Witnesses</u>**

You have heard testimony of law enforcement officials.  The fact that a witness may be employed by the government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, defense counsel may try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

Adapted from Sand, <u>et al</u>., <u>Modern Federal Jury Instructions</u>, Instr. 5-25.

## REQUEST NO. 17

### Expert Testimony
### [If Applicable]

You have heard testimony from what we call expert witnesses. They are witnesses who by education or experience have acquired learning or experience in a science or a specialized area of knowledge. Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be expert and give their reasons for their opinions. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions which were received in evidence in this case and give them as much or as little weight as you think they deserve. If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, of if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt [his/her] conclusions, you would be justified in placing great reliance on [his/her] testimony.

Adapted from the charge of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992) and from the charge of Judge Michael B. Mukasey in United States v. Mensah, 91 Cr. 705 (MBM) (S.D.N.Y. 1991).

## REQUEST NO. 18

**Character Testimony**
**[If Applicable]**

You have heard testimony that the defendants(s) has a good reputation for honesty and truthfulness in the community where he lives and works.

Along with all the other evidence you have heard, you may take into consideration what you believe about the defendants's honesty and truthfulness when you decide whether the Government has proven, beyond a reasonable doubt, that he committed the crime charged.

Adapted from the charge in United States v. Pujana-Mena, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge).

A defendants is not entitled to a charge that character evidence "standing alone" is enough for acquittal.  See United States v. Pujana-Mena, supra, 949 F.2d at 27-31 (strongly criticizing such charges as "potentially misleading and confusing").  The Second Circuit noted that, "it might be helpful in some cases to instruct the jury as to the purpose or purposes for which [character evidence] is admitted.  Character evidence is admissible principally to show that, because of his or her good reputation, the defendant is less likely to have committed the charged crime.  In cases where the defendant testifies, character evidence may also be used by the jury to help it determine whether the defendant was truthful on the stand."  Id. at 30 (citations omitted).

## REQUEST NO. 19

### Use of Evidence Obtained Pursuant to Arrest or Search

You have heard testimony that law enforcement officials apprehended defendant Deondray King, on or about October 18, 2006, and that they recovered evidence on that occasion. In addition, you have heard evidence that law enforcement officials recovered certain evidence during the execution of a search warrant at the home of another individual. The evidence obtained both from the defendant's person and during the execution of the search warrant was properly admitted in this case and may properly be considered by you.

Whether you approve or disapprove of how this evidence was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the defendants's guilt beyond a reasonable doubt.

Adapted from the charges of the Honorable Pierre N. Leval in United States v. Ogando, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), aff'd, 968 F.2d 146 (2d Cir. 1992) and in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

32

**REQUEST NO. 20**

**Use of Audiotape Recordings and Transcripts**

Audio recordings of telephone conversations and meetings and transcripts of those recordings have been admitted into evidence.  Whether you approve or disapprove of the recording of those conversations may not enter your deliberations.  I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendants.

In connection with these tapes, you heard testimony that the conversations were in a foreign language.  For that reason, it was necessary for the Government to obtain translations of those conversations into English.  The transcripts of those conversations embody the testimony of the interpreter called by the Government to testify.  These transcripts were admitted into evidence.  To the extent that you accept or reject the testimony of that interpreter, you may accept or reject the transcripts themselves of the foreign language conversations.

**(In the alternative, if applicable:)**

[The transcripts of those conversations were the subject of a stipulation which was read to you during trial.  In the stipulation, the parties agreed that the transcripts contained accurate English translations of the foreign language conversations.  You should therefore consider the translations as you would any other evidence in the case, and give them the weight you deem appropriate as the finder of the facts.]

33

If you wish to hear any of the tapes again, or see any of the transcripts, they will be made available to you during your deliberations.

Adapted from the charges of the Honorable Pierre N. Leval in <u>United States</u> v. <u>Mucciante</u>, 91 Cr. 403 (PNL) (S.D.N.Y. 1992) and of the Honorable John G. Koeltl in <u>United States</u> v. <u>Alvarado-Matriller</u>, 94 Cr. 723 (JGK) (S.D.N.Y. 1995).

**REQUEST NO. 21**

**<u>Particular Investigative Techniques Not Required</u>**

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by law enforcement authorities.  There is no legal requirement that the Government prove its case through any particular means.  While you are to carefully consider the evidence presented by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendants has been proven beyond a reasonable doubt.

Adapted from the charge of the Honorable Pierre N. Leval in <u>United States</u> v. <u>Mucciante</u>, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of the Honorable John F. Keenan in <u>United States</u> v. <u>Medina</u>, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

## REQUEST NO. 22

### **Persons Not On Trial or Not Indicted**

Some of the people who may have been involved in the events leading to this trial are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together, in the same proceeding.

You may not draw any inference, favorable or unfavorable, towards the Government or the defendants from the fact that certain persons other than the defendants were not named as defendants in the Indictment. Nor may you speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

Whether a person should be named as a co-conspirator or indicted as a defendants in this case or another separate case is a matter within the sole discretion of the United States Attorney and the Grand Jury. Therefore, you may not consider it in any way in reaching your verdict as to the defendants.

Adapted from Judge Werker's charge in United States v. Barnes et al., S 77 Cr. 190 (Nov. 29, 1977), aff'd, 604 F.2d 121 (2d Cir. 1979), cert. denied, 446 U.S. 907 (1980).

Adapted from Judge Pollack's charge in United States v. Bynum, 71 Cr. 1169 (S.D.N.Y. 1971), and from Sand, et al., Modern Jury Instructions, Instr. 3-4.

Adapted from the charge of Judge Leisure in United States v. Parra and Ortega, S1 02 Cr. 348 (PKL) (S.D.N.Y. 2004).

36

**REQUEST NO. 23**

**Uncalled Witness - Equally Available or Unavailable to Both Sides**
**[If Applicable]**

There are people whose names you heard during the course of the trial but did not appear to testify.  One or more of the attorneys has referred to their absence from the trial.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendants in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 6-7.

37

## REQUEST NO. 24

### Preparation of Witnesses
### [If Applicable]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

The weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Charge of the Honorable Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

## REQUEST NO. 25

### Court Interpreter

Some of the testimony you have heard has been provided through the official court interpreter.  When testimony has been presented in a language other than English you must base your decision on the testimony presented through the interpreter.

Adapted from Judge Cote's charge in <u>United States</u> v. <u>Fernandez</u>,
71 Cr. 1169 (S.D.N.Y. 2003).

## REQUEST NO. 26

### <u>Summary Charts</u>
### [If applicable]

The Government has presented exhibits in the form of charts and summaries.  These exhibits purport to summarize the underlying evidence that was used to prepare them, and were shown to you to make the other evidence more meaningful and to aid you in considering the evidence.  They are no better than the testimony or documents upon which they are based, and are not themselves independent evidence.  Therefore, you are to give no greater weight to these charts and summaries than you would give to the evidence on which they are based.

It is for you to decide whether the charts and summaries correctly present the information contained in the testimony and in the exhibits on which they were based.  You are entitled to consider the charts and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

Adapted from 3 Leonard B. Sand <u>et al</u>., <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 5-13.

<u>See</u> <u>United States v. Pinto</u>, 850 F.2d 927, 935-36 (2d Cir.) (upholding admission of summary charts and use in jury room during deliberations) <u>cert. denied</u>, 488 U.S. 867 (1988); <u>United States v. Goldberg</u>, 401 F.2d 644, 647-48 (2d Cir 1968), <u>cert. denied</u>, 393 U.S. 1099 (1969); <u>United States v. Johnson</u>, 54 F.3d 1150, 1157-61 (4th Cir. 1995).

## REQUEST NO. 27

### <u>Stipulations</u>
### [If Applicable]

In this case you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations that contain facts that were agreed to be true.  You must accept the facts in those stipulations as true.

Adapted from the Honorable Denise Cote's charge in <u>United States </u>v. <u>Fernandez,</u> 71 Cr. 1169 (S.D.N.Y. 2003).

41

## REQUEST NO. 28

## Cooperator Testimony -- Guilty Plea
**[If applicable]**

You have heard testimony from Government witnesses who have pleaded guilty to charges arising out of similar facts to those in this case.  You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that any prosecution witness pled guilty to criminal charges.  The decision of that witness to plead guilty was a personal decision that witness made about his own guilt.  It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

> United States v. Ramirez, 973 F.2d 102, 104-06 (2d Cir. 1992)
> (specifically approving charge and holding that it is reversible error
> not to give such a charge if requested, unless there is no significant
> prejudice to defendant).

### REQUEST NO. 29

### Accomplice Testimony
### [If applicable]

You have heard from one or more witnesses who testified that they were actually involved in planning and carrying out the crime charged in the Indictment. There has been a great deal said about these so-called accomplice witnesses in the summations of counsel and whether or not you should believe them.

Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit participating in the alleged crimes at issue. The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

The testimony of such accomplices is properly considered by the jury. If accomplices could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

For these very reasons, the law allows the use of accomplice testimony. Indeed, it is the law in federal courts that the testimony of a single accomplice may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

Because of the possible interest an accomplice may have in testifying, however, the accomplice's testimony should be scrutinized with special care and caution. The fact that a witness is an accomplice can be considered by you as bearing upon his credibility. It does not follow, however, that simply because a person has admitted to participating in one or more crimes, that he is incapable of giving a truthful version of what happened.

Like the testimony of any other witness, accomplice witness testimony should be given the weight that it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, his background, and the extent to which his testimony is or is not corroborated by other evidence in the case.

You may consider whether accomplice witnesses -- like any other witnesses called in this case -- have an interest in the outcome of the case, and if so, whether it has affected their testimony.

You heard testimony about agreements between the Government and the witnesses. I must caution you that it is no concern of yours why the Government made an agreement with a particular witness. Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of accomplice witnesses, you should ask yourselves whether these accomplices would benefit more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did this motivation color his testimony?

If you find that the testimony was false, you should reject it. If, however, after a cautious and careful examination of the accomplice witness's testimony and demeanor upon the

44

witness stand, you are satisfied that the witness told the truth, you should accept it as credible and

act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be

decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part,

you still may accept his testimony in other parts, or may disregard all of it.  That is a determination

entirely for you, the jury.

> Adapted from 3 Leonard B. Sand et al., Modern Federal Jury Instructions,
> Instr. 7-5; from the charge of the Honorable John F. Keenan in United States
> v. Carrero, 91 Cr. 365 (S.D.N.Y. 1991); and from the charge in United
> States v. Projansky, 465 F.2d 123, 136-37 n.25 (2d Cir.) (specifically
> approving charge set forth in footnote), cert. denied, 409 U.S. 1006 (1972).
>
> See United States v. Gleason, 616 F.2d 2, 15 (2d Cir. 1979) ("Where
> the court points out that testimony of certain types of witnesses may
> be suspect and should therefore be scrutinized and weighed with
> care, such as that of accomplices or coconspirators . . . it must also
> direct the jury's attention to the fact that it may well find these
> witnesses to be truthful, in whole or in part.") (citations omitted),
> cert. denied, 444 U.S. 1082 (1980), and United States v. Cheung Kin
> Ping, 555 F.2d 1069, 1073 (2d Cir. 1977) (same).  See also United
> States v. Swiderski, 539 F.2d 854, 860 (2d Cir. 1976) (can be
> reversible error not to give accomplice witness charge if requested
> by defense).

## REQUEST NO. 30

### <u>Conclusion</u>

Your function now is to weigh the evidence in this case and to determine the guilt or innocence of the defendants.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. To return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement. Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors. Remember at all times, you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy

Dated:      New York, New York
            July 3, 2008

                              Respectfully submitted,

                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York

            By:

                              Rua M. Kelly
                              Jenna M. Dabbs
                              Assistant United States Attorneys
                              (212) 637-2471/2212

47